SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**Jessica Keefer, MSB # 1412180261**
Assistant United States Attorney
Jessica.Keefer@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:26-cr-00029-AN** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **LEO ALBERT BUSTAMANTE,** | |
| **Defendant.** | |

### Introduction

Defendant delivered nearly 5 kilograms of cocaine during a controlled buy conducted by the Drug Enforcement Administration (DEA). Defendant fled on foot when officers attempted to arrest him. During his arrest, a loaded Glock 9mm firearm was found on his ankle. The government is asking the Court to impose a sentence of 60 months' imprisonment, to be followed by a three-year term of supervised release.

**Government's Sentencing Memorandum**                                                    **Page 1**

**Factual Background**

**A.        The Offense Conduct**

On September 2, 2025, DEA Investigators established surveillance for a controlled drug transaction involving a confidential source. The source was to meet couriers for an unidentified male. The defendant armed himself with a handgun when delivering nearly 5 kilograms of cocaine to a confidential DEA source.

Specifically, the defendant drove to the specified location where law enforcement was observing him. The defendant brought a backpack with suspected cocaine to be purchased. The defendant took the backpack from his vehicle to the vehicle where the source was seated. When the defendant was on his way back to his vehicle, he saw law enforcement and attempted to quickly get back into his vehicle, with the front seat passenger attempting to open the driver's side door for the defendant. As law enforcement came to the defendant's vehicle, he attempted to run from them, dropping the backpack near the rear of his vehicle. Ultimately, the defendant was detained, and a loaded handgun (a 9mm Glock 19, serial number BPKU177) was found on the defendant's ankle during a search incident to arrest.



*Recovered Glock 9mm handgun*

Investigators later searched the defendant's backpack and found five (5) vacuum sealed packages of suspected cocaine, each believed to weigh approximately one kilogram. Laboratory testing later confirmed the packages contained cocaine and the net weight was over 4600 grams of cocaine.



*Recovered packaged cocaine*

### B.    The Charges, The Plea Agreement & Guideline Computations

Defendant waived indictment and was charged in a single count information with Using, Carrying or Possessing a Firearm in Furtherance of a Drug Transaction in violation of 18 U.S.C. § 924(c)(1)(a). Defendant then pled guilty to that sole count.

The maximum sentence the Court may impose is a term of life imprisonment, a fine of $250,000, and a five-year term of supervised release. There is a five-year mandatory minimum sentence and a $100 fee assessment.

In the plea agreement, the parties agreed to jointly recommend a sentence of 60 months' imprisonment, the statutory mandatory minimum, as long as the defendant demonstrated an

**Government's Sentencing Memorandum**                                    **Page 3**

acceptance of responsibility. There was no agreement regarding the length of supervised release following the period of incarceration. Plea Agreement ¶ 8.

Pursuant to U.S.S.G. 2K2.4(b), based upon his conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. 924(c), defendant's Offense Level and initial advisory guideline sentence, prior to any variance, is the minimum term of imprisonment required by statute, which in this case is 60 months' imprisonment. PSR ¶¶ 6, 31. There are no Chapter 3 or Chapter 4 adjustments under the Sentencing Guidelines. PSR ¶ 31.

The defendant has no adult criminal convictions.[1] PSR ¶ 34.

The government agrees with the PSR computation that pursuant to USSG §2K2.4(b), the guideline sentence is the minimum term of imprisonment required by statute—60 months' imprisonment for the count of conviction under 18 U.S.C. 924(c). PSR ¶ 31.

**Government's Recommended Sentence**

Pursuant to 18 U.S.C. § 3553(a), the government asks the Court to impose a sentence of 60 months' imprisonment, to be followed by a three-year term of supervised release.

Given the defendant's demonstrated acceptance of responsibility, and pursuant to the plea agreement, the government recommends a three-level reduction under USSG §3E1.1. Even with

---

[1] The defendant has two pending adult charges – a misdemeanor assault case in Washington state (5A0396088) and a Fleeing and Possession of Cocaine felony case in Multnomah County (26CR03297). PSR ¶¶ 37, 38. Both matters were pending prior to the finalized plea agreement being entered in this case. The Washington state case occurred prior to the offense date in this case. PSR ¶ 37. The Multnomah County case, however, occurred on January 17, 2026, while the defendant was on pretrial release in this case. PSR ¶ 38. Initially, the defendant was released to treatment over the government's objection. While on release, he was arrested for similar conduct as this case—drugs and fleeing—although there appeared to be no firearm present. *Id.* The defendant's pretrial release in this case was ultimately revoked after he admitted to violations on January 28, 2026. PSR ¶ 20. The plea agreement in this case was entered on March 12, 2026. PSR ¶ 1.

**Government's Sentencing Memorandum**                                          **Page 4**

his acceptance of responsibility, however, the Court is required to impose the mandatory minimum sentence of 60 months' imprisonment for the sole count of conviction under 18 U.S.C. § 924(c).

Defendant should receive the mandatory minimum 60-month sentence as jointly recommended by the parties.[2] Imposing such a sentence accounts for the serious and dangerous nature of the defendant's conduct in this case—arming himself, with a loaded handgun, to deliver nearly 5 kilograms of cocaine and then fleeing from law enforcement when they attempted to stop him. Any time that a person dealing drugs possesses a firearm, the risk significantly increases, not only to the community at large but also to law enforcement and the defendant himself. The jointly recommended sentence also accounts for his role as a courier, his specific history and characteristics, including his lack of adult convictions at the time of sentencing,[3] and his age, as well as his acceptance of responsibility by pleading to the Information.

Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide defendant with needed training or other corrective treatment, we ask the Court to impose the mandatory minimum sentence of 60 months' imprisonment, to be followed by a three year term of supervised release.

---

[2] Pursuant to U.S.S.G. § 2K2.4(b), the parties agree defendant's guideline sentence will be determined by the term of imprisonment required by statute, which in this case is 60 months' imprisonment.

[3] *See* footnote 1.

**Government's Sentencing Memorandum**                                **Page 5**

**A.      Restitution & Forfeiture**

The defendant voluntarily abandons all right, title, and interest to the following firearm or other property: a 9mm Glock 19, serial number BPKU177.

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of sixty (60) months, followed by a three (3) year term of supervised release, subject to the standard conditions.

Dated: July 29, 2026                                Respectfully submitted,

                                                    SCOTT E. BRADFORD
                                                    United States Attorney


                                                    */s/ Jessica R. Keefer*
                                                    Jessica R. Keefer, MSB #1412180261
                                                    Assistant United States Attorney

**Government's Sentencing Memorandum**                                **Page 6**